IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY<br>OF WAUSAU, as subrogee of<br>A-Z LRC I, LLC.,<br><br>    Plaintiff,<br><br>vs.<br><br>DAN WALKER ASSOCIATES, INC.,<br>A&T BUILDERS, LLC.,<br>STABILITY ENGINEERING, LLC,<br>PIERRE COIRON, TIMBER<br>STEEL, LLC., and<br>GEOTECHNOLOGY, LLC<br><br>    Defendants. | No. _____ |

## COMPLAINT

Plaintiff EMPLOYERS INSURANCE COMPANY OF WAUSAU, as subrogee of A-Z LRC I, LLC., by and through its counsel, files this Complaint and Demand for Jury Trial against Defendants Dan Walker Associates, Inc., A&T Builders, LLC, Stability Engineering, LLC, Pierre Coiron, Timber Steel, LLC and Geotechnology, LLC., and alleges the following:

**THE PARTIES**

1. Plaintiff EMPLOYERS INSURANCE COMPANY OF WAUSAU (hereinafter referred to as "Employers") is a corporation duly organized and existing under the laws of the State of Wisconsin, having its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Employers is in the business of writing property and casualty insurance coverage, including

property loss coverage, and is duly licensed and authorized to conduct business in the State of Tennessee.

2.     Plaintiff's subrogor, A-Z LRC I, LLC (hereinafter referred to as "A-Z LRC") is a limited liability company organized and existing under the laws of the State of Missouri, engaged in the ownership and management of commercial properties. At all relevant times, A-Z LRC was authorized to conduct business in Tennessee.

3.     At all relevant times, Employers provided property insurance coverage to A-Z LRC against claims arising from certain perils and damages and under which said insurance policy was in full force and effect.

4.     Defendant Dan Walker Associates, Inc. ("Dan Walker") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 3891 Forest Hill Irene Road, Memphis, Tennessee 38125. At all relevant times herein, Dan Walker was engaged in the business of, among other things, the commercial contracting and roofing business. Dan Walker may be served with process by serving its registered agent at: Robert D. Walker, 3891 Forest Hill Irene Road, Memphis, Tennessee 38125.

5.     Defendant A&T Builders, LLC. ("A&T Builders") is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business located at 211 Pinetrail Higden, Arkansas 72067. At all relevant times herein, A&T Builders was engaged in the business of, among other things, the general contracting and roofing business. A&T Builders may be served with process by serving its registered agent at: Amanda Rodgers, 211 Pine Trail, Higden, Arkansas 72067.

6.     Defendant Stability Engineering, LLC is a Georgia limited liability company with its principal place of business located at 1376 Church Street, Suite 200, Decatur, GA, 30030. At

all times relevant to the allegations contained herein, Stability Engineering conducted business in the State of Tennessee as a professional engineering firm providing professional engineering services. Defendants Stability Engineering may be served with process by serving its registered agent at: Pierre Coiron at 1376 Church Street, Suite 200, Decatur, GA, 30030.

7. Defendant Pierre Coiron ("Coiron") is a licensed professional engineer and is the principal and founder of Defendant Stability Engineering. Mr. Coiron is a North Carolina resident with a principal place of business at 1942 Scott Avenue, Charlotte NC 28203. At all times relevant to the allegations contained herein, Coiron was in the business of engaging in the practice of professional engineering providing professional engineering services in the State of Tennessee. Defendant Coiron may be served with process by serving him at 1942 Scott Avenue, Charlotte, NC 28203.

8. Defendant Timber Steel. LLC ("Timber Steel") is a Mississippi limited liability company with its principal place of business located at 2977 Brassfield Road, Ecru, Mississippi 38841. At all relevant times herein, Timber Steel was engaged in the business of, among other things, metal building detailing and steel erection. Timber Steel may be served with process by serving its registered agent at: United States Corporation Agents, Inc., 4780 I-55 N, Suite 100, Jackson, Mississippi 39211.

9. Defendant Geotechnology, LLC ("Geotechnology") is a limited liability company with its principal place of business located at 11816 Lackland Rd, Suite 150, Saint Louis, Missouri 63146. At all times relevant to the allegations contained herein, Geotechnology conducted business in the State of Tennessee as a professional engineering firm providing professional engineering services. Defendants Geotechnology may be served with process by serving its registered agent at: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

## JURISDICTION AND VENUE

10. Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events and/or omissions giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. The building at 7625 Appling Center Drive # 12, Memphis, Tennessee is a single-story concrete and steel framed structure over a concrete slab on grade foundation

13. In 2018, during inclement weather, the TPO roof at the southwest corner of the building partially collapsed.

14. On or about June 24, 2019, Appling Center Investors LLC entered into a contract with Defendant Dan Walker wherein Dan Walker agreed to, among other things, repair portions of the roof on the commercial building at 7625 Appling Center Drive #12, Memphis, Tennessee 38133.

15. The roof repairs were substantially completed by Dan Walker and its subcontractors on or about April 6, 2020.

16. On or about January 9, 2020, Dan Walker retained A&T Builders to perform as a roofing contractor to repair the partially collapse roof.

17. Upon information and belief, A&T Builders retained Timber Steel to perform as a steel erection contractor to repair the partially collapsed roof.

18. Upon information and belief, Dan Walker retained Stability Engineering and Mr. Coiron to serve as structural engineers who provided structural engineering design services in conjunction with the repairs of the partially collapsed roof.

19. Upon information and belief, Dan Walker retained Geotechnology to provide engineering design services and inspection of welds and connections in conjunction with the repairs of the partially collapsed roof.

20. Dan Walker repaired the roof damage and issued a warranty on the full performance of its work and the work of its subcontractors for the project from April 6, 2020, to April 6, 2021.

21. In and around July 2020, A-Z LRC bought the building from Appling Center Investors.

22. On July 24, 2020, Dan Walker issued a warranty transfer letter to Appling Center Investors and A-Z LRC transferring the warranty performed at the Appling Vanilla Box Project from Appling Center Investors to A-Z LRC. The warranty period was from April 6, 2020, to April 6, 2021. A copy of the Dan Walker Warranty Transfer letter is attached as **Exhibit 1.**

23. On February 28, 2021, during inclement weather, the roof repaired by the Defendants partially collapsed in the southwest corner of the building, in the same area where the prior collapse occurred and was repaired by Defendants.

24. The partial roof collapse occurred because the roof at the southwest corner of the building was improperly repaired by Defendants and its subcontractors.

25. As a direct and proximate result of the roof collapse and associated damages to the building, roof, electrical system, extra expenses and business interests, A-Z LRC sustained losses in an amount in excess of One Million Six Hundred Thousand Dollars ($1,600,000.00).

26. As a direct and proximate result of the roof collapse and resulting damage to A-Z LRC property, Employers paid A-Z LRC an amount in excess of $1,600,000.00 pursuant to policy provisions.

27. As a result of its payments, Plaintiff is subrogated to the rights of A-Z LRC to recover damages from third persons to the extent of its payments to A-Z LRC.

28. The acts and omissions of Defendants, and their employees, servants, agents and/or subcontractors, directly and proximately caused the damages which Plaintiff has suffered. Accordingly, Defendants are liable to Plaintiff for the previously described damages.

## COUNT I – BREACH OF EXPRESS WARRANTY
## PLAINTIFF v. DAN WALKER

29. Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 28 as if fully stated herein.

30. Via the warranty transfer, Defendant Dan Walker represented itself as having superior knowledge and skill with respect to the installation of commercial roofs.

31. Via the warranty transfer, A-Z LRC relied on Defendant Dan Walker's skill, knowledge and judgment in the repair of the roof for the building.

32. Defendant Dan Walker expressly warranted that it and its subcontractors performed their work in a good and workmanlike manner according to existing standards of construction and roofing in the area in which the roof was repaired and that the repair methods and materials used would be sound.

33. Plaintiff's insured A-Z LRC relied upon Defendant Dan Walker's express warranties.

34. Plaintiff timely notified Dan Walker of the partial roof collapse and made claim to Dan Walker under the aforementioned warranty.

35. To date, Dan Walker has failed or refused to honor the warranty.

36. As a direct and proximate result of Defendant Dan Walker's breach of express warranty of workmanship and materials, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Dan Walker in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
## PLAINTIFF v. DAN WALKER

37. Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 28 as if fully stated herein.

38. Defendant Dan Walker had a duty to exercise reasonable care in its roof repair and replacement work and in its selection and supervision of other persons and contractors engaged to perform the repair and replacement of the structure for the roof system for the building.

39. Defendant Dan Walker had a non-delegable duty to ensure that the design, construction and installation of the structure for the roofing system for the building was performed with reasonable care and in a good and workmanlike manner.

40. As a direct and proximate result of Defendant Dan Walker's negligence, carelessness, and negligent omissions, Plaintiff suffered damage to its business property and business interests. The Defendant's negligence, carelessness, and negligent omissions consisted, *inter alia*, of:

    a. failing to use reasonable care to ensure that the roofing work was properly performed in a good and workmanlike manner;

    b. failing to use reasonable care in the supervision of the design, construction and installation of the structure for the roofing system;

    c. failing to ensure that the design, construction and installation of the structure of the roof system was performed in accordance with the

    applicable building and plumbing (s) and industry standards, including the 2012 and 2015 International Building Code, Chapter 22.05.1, including AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC and 602.1, 606.1, and 606.2.1 of the IEBC;

  d. failing to properly inspect, design, test, and/or repair the roofing system;

  e. failing to ensure that the building would be safe from an unreasonable risk of damage due to the failure of the roofing system;

  f. failing to act as a reasonably prudent roofer, designer and installer of roofing systems;

  g. failing to warn of the defective nature of the roof;

  h. negligence per se; and

  i. otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

41. As a direct and proximate result of Defendant Dan Walker's negligence as aforesaid, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Dan Walker in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE PER SE
## PLAINTIFF v. DAN WALKER

42. Plaintiff hereby incorporates and re-alleges by reference paragraphs 1 through 28 as if fully stated herein.

43. Defendant's repair of the roof was regulated by the State of Tennessee and through the adoption and enforcement of the 2012 International Building Code ("IBC") and the 2012 International Existing Building Code ("IEBC").  The Shelby County, Tennessee Code of Ordinances and the Code of Ordinances of Memphis, Tennessee adopted the listed codes as the 2015 IBC and the 2015 IEBC.

44. The 2012 International Building Code and 2012 International Existing Building Code were enacted to protect a class of persons which included Plaintiff's insured A-Z LRC.

45. The 2015 International Building Code and 2015 International Existing Building Code were enacted to protect a class of persons which included Plaintiff's insured A-Z LRC.

46. The International Building Code and International Existing Building Code are public safety statutes which thereby create independent duties owed to the general public including Plaintiff's insured A-Z LRC.

47. Defendant violated the International Building Code and International Existing Building Code by, *inter alia*, improperly splicing steel beam connections. Defendant failed to meet the requirements of AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC, Chapter 22.05.1 and 602.1, 606.1, and 606.2.1 of the IEBC. Consequently, Defendant's negligence constitutes negligence *per se*.

48. As a direct and proximate result of the Defendant's negligence *per se*, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff demands judgment against Defendant Dan Walker in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

### COUNT IV – NEGLIGENCE
### PLAINTIFF v. A&T BUILDERS

49. Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 28 as if fully stated herein.

50. Defendant A&T Builders had a duty to exercise reasonable care in its roof repair and replacement work and in its selection and supervision of other persons and contractors engaged to perform the repair and replacement of the structure for the roof system for the building.

9

51. Defendant A&T Builders had a non-delegable duty to ensure that the design, construction and installation of the structure for the roofing system for the building was performed with reasonable care and in a good and workmanlike manner.

52. As a direct and proximate result of Defendant A&T Builder's negligence, carelessness, and negligent omissions, Plaintiff suffered damage to its business property and business interests. The Defendant's negligence, carelessness, and negligent omissions consisted, *inter alia*, of:

   a. failing to use reasonable care to ensure that the roofing work was properly performed in a good and workmanlike manner;

   b. failing to use reasonable care in the supervision of the design, construction and installation of the structure for the roofing system;

   c. failing to ensure that the design, construction and installation of the structure of the roof system was performed in accordance with the applicable building and plumbing (s) and industry standards, including the 2012 and 2015 International Building Code, Chapter 22.05.1, including AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC and 602.1, 606.1, and 606.2.1 of the IEBC;

   d. failing to properly inspect, design, test, and/or repair the roofing system;

   e. failing to ensure that the building would be safe from an unreasonable risk of damage due to the failure of the roofing system;

   f. failing to act as a reasonably prudent roofer, designer and installer of roofing systems;

   g. failing to warn of the defective nature of the roof;

   h. negligence per se; and

   i. otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

53. As a direct and proximate result of Defendant A&T Builder's negligence as aforesaid, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against Defendant A&T Builders in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

### COUNT V – NEGLIGENCE PER SE
### PLAINTIFF v. A&T BUILDERS

54. Plaintiff hereby incorporates and re-alleges by reference paragraphs 1 through 28 as if fully stated herein.

55. Defendant's repair of the roof was regulated by the State of Tennessee and through the adoption and enforcement of the 2012 International Building Code ("IBC") and the 2012 International Existing Building Code ("IEBC"). The Shelby County, Tennessee Code of Ordinances and the Code of Ordinances of Memphis, Tennessee adopted the listed codes as the 2015 IBC and the 2015 IEBC.

56. The 2012 International Building Code and 2012 International Existing Building Code were enacted to protect a class of persons which included Plaintiff's insured A-Z LRC.

57. The 2015 International Building Code and 2015 International Existing Building Code were enacted to protect a class of persons which included Plaintiff's insured A-Z LRC.

58. The International Building Code and International Existing Building Code are public safety statutes which thereby create independent duties owed to the general public including Plaintiff's insured A-Z LRC.

59. Defendant violated the International Building Code and International Existing Building Code by, *inter alia*, improperly splicing steel beam connections. Defendant failed to meet the requirements of AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC, Chapter 22.05.1 and 602.1, 606.1, and 606.2.1 of the IEBC. Consequently, Defendant's negligence constitutes negligence *per se*.

60. As a direct and proximate result of the Defendant's negligence *per se*, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff demands judgment against Defendant A&T Builders in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT VI- PROFESSIONAL NEGLIGENCE
## PLAINTIFF v. STABILITY ENGINEERING AND COIRON

61. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint, as fully stated herein.

62. At all times relevant hereto, Defendants Stability Engineering and Coiron provided structural design services in connection with the repair of the partial collapse of the roof at the warehouse building located at 7625 Appling Center Drive #12, Memphis, Tennessee. In so doing, Defendants Stability Engineering and Coiron each had a duty to perform their professional structural design services in a skillful, professional, prudent, workmanlike manner, and to meet the applicable codes and safety standards and practices for the work.

63. Defendants Stability Engineering and Coiron failed to conform to the applicable professional standard of care required during the design, engineering and construction of the repair of the roof of the warehouse building in the following ways:

    a. Failing to properly perform design and engineering services for the repair of the partially collapsed roof at the warehouse building in a skillful, professional, prudent, and workmanlike;

    b. Violating industry standards, federal, state and/or local ordinances, statutes, and/or codes including violations of the International Building Code and International Existing Building Code by, inter alia, improperly designing steel beam connections; and failing to meet applicable safety standards and practices including the requirements of AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC, Chapter 22.05.1 and 602.1, 606.1, and 606.2.1 of the IEBC;

12

    c.    failing to properly inspect, design, test, and/or repair the roofing system;

    d.    failing to ensure that the building would be safe from an unreasonable risk of damage due to the failure of the roofing system;

    e.    failing to act as a reasonably prudent designer of roofing systems;

    f.    failing to warn of the defective nature of the roof; and

    g.    Any other negligent acts and/or omissions which become known during the course of discovery.

64. As a direct and proximate result of the professional negligence of Defendants Stability Engineering and Coiron, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff demands judgment against Defendants Stability Engineering and Coiron in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT VII – NEGLIGENCE PER SE
## PLAINTIFF V. STABILITY ENGINEERING AND COIRON

65. Plaintiff hereby incorporates and re-alleges by reference paragraphs 1 through 28 as if fully stated herein.

66. The design of the repair of the roof performed by Defendants Stability Engineering and Coiron was regulated by the State of Tennessee and through the adoption and enforcement of the 2012 International Building Code ("IBC") and the 2012 International Existing Building Code ("IEBC"). The Shelby County, Tennessee Code of Ordinances and the Code of Ordinances of Memphis, Tennessee adopted the listed codes as the 2015 IBC and the 2015 IEBC.

67. The 2012 International Building Code and 2012 International Existing Building Code were enacted to protect a class of persons which includes Plaintiff's insured A-Z LRC.

68. The 2015 International Building Code and 2015 International Existing Building Code were enacted to protect a class of persons which includes Plaintiff's insured A-Z LRC.

69. The 2012 and 2015 editions of the International Building Code and International Existing Building Code are public safety statutes which thereby create independent duties owed to the general public including Plaintiff's insured A-Z LRC

70. Defendants Stability Engineering and Coiron violated the International Building Code and International Existing Building Code by, inter alia, improperly designing the steel beam connections and failing to meet applicable safety standards and practices including the requirements of AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC, Chapter 22.05.1 and 602.1, 606.1, and 606.2.1 of the IEBC.  Consequently, Defendant's negligence constitutes negligence per se.

71. As a direct and proximate result of the Defendants' negligence per se, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff demands judgment against Defendants Stability Engineering and Coiron in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT VIII – NEGLIGENCE
## PLAINTIFF v. TIMBER STEEL

72. Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 28 as if fully stated herein.

73. Defendant Timber Steel had a duty to exercise reasonable care in its roof repair and replacement work and in its selection and supervision of other persons and contractors engaged to perform the repair and replacement of the structure for the roof system for the building.

74. Defendant Timber Steel had a non-delegable duty to ensure that the design, construction and installation of the structure for the roofing system for the building was performed with reasonable care and in a good and workmanlike manner.

75. As a direct and proximate result of Defendant Timber Steel's negligence, carelessness, and negligent omissions, Plaintiff suffered damage to its business property and business interests. The Defendant's negligence, carelessness, and negligent omissions consisted, inter alia, of:

    a. failing to use reasonable care to ensure that its work on the structure of the roofing system was properly performed in a good and workmanlike manner;

    b. failing to use reasonable care in the supervision of the design, construction and installation of the structure for the roofing system;

    c. failing to ensure that the design, construction and installation of the structure of the roof system was performed in accordance with the applicable building and plumbing (s) and industry standards, including the 2012 and 2015 International Building Code, Chapter 22.05.1, including AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC and 602.1, 606.1, and 606.2.1 of the IEBC;

    d. failing to properly inspect, design, test, and/or repair the structure of the roofing system;

    e. failing to ensure that the building would be safe from an unreasonable risk of damage due to the failure of the structure of the roofing system;

    f. failing to act as a reasonably prudent roofer, designer and installer of the structure of the roofing systems;

    g. failing to warn of the defective nature of the structure of the roofing system;

    h. negligence per se; and

    i. otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

76. As a direct and proximate result of Defendant Timber Steel's negligence as aforesaid, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Timber Steel in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

**COUNT IX – NEGLIGENCE PER SE**
**PLAINTIFF v. TIMBER STEEL**

77. Plaintiff hereby incorporates and re-alleges by reference paragraphs 1 through 28 as if fully stated herein.

78. Defendant's repair of the roof and its structure was regulated by the State of Tennessee and through the adoption and enforcement of the 2012 International Building Code ("IBC") and the 2012 International Existing Building Code ("IEBC"). The Shelby County, Tennessee Code of Ordinances and the Code of Ordinances of Memphis, Tennessee adopted the listed codes as the 2015 IBC and the 2015 IEBC.

79. The 2012 International Building Code and 2012 International Existing Building Code were enacted to protect a class of persons which included Plaintiff's insured A-Z LRC.

80. The 2015 International Building Code and 2015 International Existing Building Code were enacted to protect a class of persons which included Plaintiff's insured A-Z LRC.

81. The International Building Code and International Existing Building Code are public safety statutes which thereby create independent duties owed to the general public including Plaintiff's insured A-Z LRC.

82. Defendant violated the International Building Code and International Existing Building Code by, inter alia, improperly splicing steel beam connections. Defendant failed to meet the requirements of AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC, Chapter 22.05.1 and 602.1, 606.1, and 606.2.1 of the IEBC. Consequently, Defendant's negligence constitutes negligence per se.

83. As a direct and proximate result of the Defendant's negligence per se, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff demands judgment against Defendant Timber Steel Allen in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT VI- PROFESSIONAL NEGLIGENCE
## PLAINTIFF v. GEOTECHNOLOGY

84. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint, as fully stated herein.

85. At all times relevant hereto, Defendant Geotechnology provided structural engineering services in connection with the repair of the partial collapse of the roof at the warehouse building located at 7625 Appling Center Drive #12, Memphis, Tennessee. In so doing, Defendant Geotechnology had a duty to perform their professional structural design services in a skillful, professional, prudent, workmanlike manner, and to meet the applicable codes and safety standards and practices for the work.

86. Defendant Geotechnology failed to conform to the applicable professional standard of care required during the design, engineering and construction of the repair of the roof of the warehouse building in the following ways:

    a. Failing to properly perform engineering services for the repair of the partially collapsed roof at the warehouse building in a skillful, professional, prudent, and workmanlike;

    b. Violating industry standards, federal, state and/or local ordinances, statutes, and/or codes including violations of the International Building Code and International Existing Building Code by, inter alia, improperly designing steel beam connections; and failing to meet applicable safety standards and practices including the requirements of AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC, Chapter 22.05.1 and 602.1, 606.1, and 606.2.1 of the IEBC;

17

      c.      failing to properly inspect, design, test, and/or repair the roofing system;

      d.      failing to ensure that the building would be safe from an unreasonable risk of damage due to the failure of the roofing system;

      e.      failing to act as a reasonably prudent designer and inspector of roofing systems;

      f.      failing to warn of the defective nature of the roof system; and

      g.      Any other negligent acts and/or omissions which become known during the course of discovery.

87. As a direct and proximate result of the professional negligence of Defendant Geotechnology, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff demands judgment against Defendant Geotechnology in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT VII – NEGLIGENCE PER SE
## PLAINTIFF V. GEOTECHNOLOGY

88. Plaintiff hereby incorporates and re-alleges by reference paragraphs 1 through 28 as if fully stated herein.

89. The engineering services and inspection of the repair of the roof system performed by Defendant Geotechnology was regulated by the State of Tennessee and through the adoption and enforcement of the 2012 International Building Code ("IBC") and the 2012 International Existing Building Code ("IEBC"). The Shelby County, Tennessee Code of Ordinances and the Code of Ordinances of Memphis, Tennessee adopted the listed codes as the 2015 IBC and the 2015 IEBC.

90. The 2012 International Building Code and 2012 International Existing Building Code were enacted to protect a class of persons which includes Plaintiff's insured A-Z LRC.

91. The 2015 International Building Code and 2015 International Existing Building Code were enacted to protect a class of persons which includes Plaintiff's insured A-Z LRC.

92. The 2012 and 2015 editions of the International Building Code and International Existing Building Code are public safety statutes which thereby create independent duties owed to the general public including Plaintiff's insured A-Z LRC.

93. Defendant Geotechnology violated the International Building Code and International Existing Building Code by, inter alia, improperly designing the steel beam connections and failing to meet applicable safety standards and practices including the requirements of AISC 360-10M2.4, AISC 360-N5.4, AISC 360-10N5.6, of the IBC, Chapter 22.05.1 and 602.1, 606.1, and 606.2.1 of the IEBC. Consequently, Defendant's negligence constitutes negligence per se.

94. As a direct and proximate result of the Defendant's negligence per se, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff demands judgment against Defendant Geotechnology in an amount in excess of $1,600,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

WHEREFORE, PREMISE CONSIDERED, Plaintiff seeks damages against each Defendant in excess of One Million Six Hundred Thousand Dollars ($1,600,000) and for whatever further relief to which it may be entitled, including pre- and post-judgment interest and attorney fees.

RESPECTFULLY SUBMITTED this 16th day of August, 2022.

        BLACK McLAREN JONES RYLAND & GRIFFEE, P.C.

        /s/ Michael G. McLaren
        Michael G. McLaren (#5100)
        Attorney for Plaintiff
        530 Oak Court Drive, Suite 360
        Memphis, Tennessee 38117
        (901) 762-0535
        (901) 762-0539 – fax
        mmclaren@blackmclaw.com